## Real Estate Broker's License

ADAMS, Deputy Attorney General, March 2, 1944.— This department is in receipt of your request for an opinion as to whether an employe of an attorney at law, conducting a real estate business, must obtain a license

under the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended, 63 PS §431. The facts are:

An attorney at law maintains, in addition to his law office, an office where a real estate business is conducted under a fictitious name, which is duly registered by the attorney at law. This real estate business is conducted by the attorney's employe, who is not licensed under the Real Estate Brokers License Act of 1929, and this employe is not an attorney at law.

You inquire whether the employe must be licensed as a real estate broker, notwithstanding the fact that his employer, as an attorney at law, is exempt from compliance with the act.

Section 2 of the Act of 1929, supra, 63 PS §432, exempting attorneys at law, was upheld in the case of Young v. Department of Public Instruction, 105 Pa. Superior Ct. 153 (1932).

A study of the Real Estate Brokers License Act of 1929 reveals no language expressly extending the exemption accorded attorneys at law to their employes. Paragraph (d) of section 7 of the act as amended by the Act of April 1, 1931, P. L. 15, reads:

"(d) Authority to transact business as a real estate broker, or real estate salesman, under any license issued by the department, shall be restricted to the person named in such license, and shall not inure to the benefit of any other person or persons whatsoever. Where a real estate broker's license shall be issued to a corporation or association, authority to transact business thereunder shall be limited to one officer of such corporation or association, to be designated in the application and named in the license. Each other officer of such association or corporation, desiring to act as a real estate broker in connection with the business of the said association or corporation or otherwise, shall be required to make application for and take out a separate license in his or her own name individually. Where the licensee is a copartnership, the license issued to such

copartnership shall confer authority to act as real estate broker upon one member of such copartnership only, who shall be designated in the application and named in the license; all the other members of such copartnership desiring to act as real estate brokers in connection with the business of the partnership, or otherwise, shall be required to apply for and take out individual licenses in their own names."

This indicates the intent of the General Assembly to limit the effect of the licenses granted by the act, and it would seem, in view of this limitation, that it would follow that the exemptions granted should not be extended unless clearly authorized. It should be observed that:

"Those who seek shelter under an exemption law must present a clear case, free from all doubt, as such laws, being in derogation of the general rule, must be strictly construed against the person claiming the exemption and in favor of the public": 33 Am. Jur. 363, Licenses, §38.

It was held in Young v. Department of Public Instruction, supra, at page 159:

"Attorneys-at-law are not in the class at which the statute was aimed, because they had not been the source of the mischief sought to be remedied. Real estate transactions have been carried on by members of the bar for years as a part of their professional duties performed for their clients and they are responsible to the court for their fidelity to their clients in such circumstances. They are admitted to the bar only after they have established that they possess good moral character and have established their qualifications to practice law. The distinction between real estate brokers and lawyers is well recognized and was sufficient reason for exempting the former from the provisions of the act."

This would not apply to an employe conducting a real estate business under circumstances such as you

have presented to us. Attorneys at law are exempted because of their training, experience, and accountability to the courts.

Privileges and immunities extending to an attorney by virtue of his office are peculiarly personal. An attorney cannot delegate to or clothe another with those privileges and immunities which extend only to him as an attorney for the purpose of conducting a business otherwise unlawful. Therefore an employe acting in the capacity of a real estate broker, even though employed by an attorney for this purpose, is doing so unlawfully unless licensed as a real estate broker. The exemption would have no factual foundation if it were extended to include those who are not attorneys at law.

Having concluded that the exemption granted to attorneys at law does not include those employed by an attorney at law under the circumstances outlined by you, the question arises as to what kind of a license the employe should possess. This was, in effect, answered by Attorneys as Real Estate Brokers, 39 D. & C. 42, wherein this department held that a salesman employed by a justice of the peace must take out a real estate broker's license. Justices of the peace, like attorneys, are exempted, under section 2 of the act, from the necessity of procuring a license.

We are, therefore, of the opinion, and you are accordingly advised, that a person employed by an attorney at law, under the circumstances you have outlined, is not exempted from the provisions of the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended, 63 PS §431, and must procure a real estate broker's license before engaging in or carrying on a real estate business, or acting in the capacity of a real estate broker.